Tamir W. Rosenblum (TR 0895)
Haluk Savci (HS 0853)
MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

07 CV 11227

Counsel for Plaintiff

Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK AND LONG
ISLAND

                      Plaintiff,

                      against

CIRCLE CARPENTRY, LLC, CIRCLE
INTERIOR DEMOLITION, INC., and
CARLO BORDONE, an individual.

                     Defendants.
-----------------------------------------------------------X

Civil Action No.
05-CV-

COMPLAINT
ECF FILED DOCUMENT



      The Mason Tenders District Council of Greater New York and Long Island (the "Union" or "MTDC"), by its undersigned counsel, for its complaint alleges as follows:

      1.    This is an action brought pursuant to Section 301 of the Labor Management Relations of Act of 1947 ("LMRA"), 29 U.S.C. Section 185, to confirm an arbitration award (the "Award") issued in accordance with the grievance and arbitration terms set forth in a collective bargaining agreement. The Action arises from the failure of the Defendants to timely pay monies owed pursuant to the Award. The Award seeks a judgment confirming the Award and ordering the Defendants to comply with its terms.

## THE PARTIES

2. Plaintiff MTDC is a "labor organization" within the meaning of 29 U.S.C. Section 152(5). Plaintiff MTDC maintains its principal place of business at 520 8th Avenue, Suite 650, New York, N.Y. 10018.

3. Defendants Circle Carpentry, LLC and Circle Interior Demolition, Inc. are "employers" in an industry affecting commence within the meaning of 29 U.S.C. Section 152(2). Circle Carpentry, LLC ("Circle Carpentry") and Circle Interior Demolition ("CID") maintain their principal place of business at 56-20 Grand Avenue, Maspeth, New York.

4. Defendant Bordone is the president and principal officer of Circle Carpentry and CID. Bordone executed the 2002-2005 collective bargaining agreement with the MTDC on behalf of Circle Carpentry in his individual capacity and further executed an agreement with the MTDC on July 7, 2005 acknowledging Circle Carpentry and CID (hereinafter the "Circle Companies") were single employers both entities bound to the collective bargaining agreement. Bordone is a party to the arbitration, and is jointly and severally liable under the terms of the Award for the amounts due therein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. Section 185, and 28 U.S.C. Sections 1331 and 1337.

6. Venue lies in this judicial district under Section 301 of the LMRA, 29 U.S.C. Section 185, because the Defendant transacts business in this judicial district. Venue also lies in this judicial district under 28 U.S.C. Section 1391(b) because the MTDC maintains offices in this judicial district.

## STATEMENT OF FACTS

The Collective Bargaining Agreement

7. Defendant Circle Carpentry through its principal Bordone executed a collective bargaining agreement (the "CBA" or the "Agreement") with the Union covering the period July 1, 2002 through June 30, 2005. That agreement was not terminated by either party and, pursuant to its terms, renewed annually. Under the terms of the CBA, Bordone assumed personal liability for the employer's compliance with the Agreement. On July 7, 2005, Bordone executed an agreement acknowledging that Circle Carpentry and CID were a single employer with both entities jointly and severally liable for other's obligations and liabilities. In the same writing, Bordone confirmed his personal liability for the obligations and liabilities of both entities.

8. The CBA requires that the employer perform all work covered therein under the terms and conditions of employment set forth in the Agreement, and further requires that the employer notify the Union of all jobs required to be performed under the CBA.

9. The CBA, at Article II, Section 9 states that the CBA applies to other business entities operated by the Employer, and therein summarizes the standard legal elements, among others, for establishing that the Employer maintains another entity that is its "alter ego".

10. The CBA, At Article XI, Section 5 and 6 requires the Employer to cause any "successor" to be bound to the CBA and assume all obligations of the Employer under the CBA.

9. The CBA throughout its text, imposes obligations on the "Employer" – a term which is defined in federal labor law to include both the ostensible corporate entity that has signed the contract, as well as other purportedly separate entities that are in fact the same as, or a continuation of, the Employer, such as an "alter ego" or successor of the Employer.

10. Article X, Section 1 of the CBA provides that the Union may "submit disputes arising between the parties involving questions of interpretation or application of any clause of this Agreement (or a previous Agreement to which the Employer was subject)." Article X, Section 1 (g) specifically provides that that the Union may arbitrate claims regarding "the establishment or maintenance by the employer or its principals of other business entities ..."

11. Joseph A. Harris is set forth in Article X of the CBA as an arbitrator to hear disputes between the parties. Pursuant to Article X, Section 1(h) "any decision of the arbitrator shall be binding upon the parties and shall be complied with by the Employer within five days of the issuance of the award."

The Dispute and Arbitration

12. A dispute arose between the parties in or about November 2005, regarding the Union's claim that the Circle companies were the alter ego and/ or successors to Metro Demolition Contracting Corp. ("Metro"). The Union and its affiliated fringe benefit funds had obtained a judgment on consent against Metro dated October 12, 2005 in the matter of *Trustees of the Mason Tenders District Council Welfare Fund et. al. and MTDC v. Metro Demolition Contracting Corp. and Phantom Demolition Corp.*, 04 CV 6629 (RMB) in the amount of $732,631.15. (annexed).

13. On or about January 6, 2006, the Union submitted the dispute to arbitration under the CBA. The dispute noticed to be arbitrated was as follows:

> *Whether Circle Carpentry and Circle Interior Demolition, Inc. are liable, as successors and/or alter egos to Metro Demolition the Company, and Carlo Bordone, in his individual and personal capacity, for all obligations owed by Metro to the Mason Tenders District Council and Mason Tenders Fringe Benefit Funds including but not limited to all amounts due against Metro under the judgment on consent against Metro filed on October 12, 2005 in the matter Trustees of the Mason Tenders District Council Welfare Fund et.*

4

>*al. and MTDC v. Metro Demolition Contracting Corp. and Phantom Demolition Corp.*, 04 CV 6629 (RMB), *and if so, what should be the remedy.*

14. The MTDC forwarded the Notice of Intent to Arbitrate, by certified mail to all parties and the Arbitrator, Joseph Harris.

15. On or about January 25, 2006, Arbitrator Harris issued notice scheduling a hearing on the matter for March 22, 2006.

16. On March 22, no representative appeared for the Circle companies or Bordone. Prior to the commencement of the hearing, Bordone spoke with the Arbitrator by telephone requesting an adjournment in order to retain counsel. The Arbitrator granted Bordone's request. Arbitrator Harris rescheduled the hearing for June 12, 2006.

17. All parties attended the hearing on August 12, 2006, and Bordone and the Circle Companies were represented by counsel. In the hearing, the Arbitrator accepted opening statements, documentary evidence and testimony with cross examination of all witnesses. The hearing was not completed that day and adjourned with all parties to schedule a second day.

18. By letter dated November 7, 2006, counsel for the Circle Companies and Bordone notified the Arbitrator that she was withdrawing as counsel in the matter citing in part an inability "to gain cooperation" from her client. On November 14, the Arbitrator notified all parties that the continued hearing was rescheduled for December 12, 2006. Bordone subsequently notified the Arbitrator by telephone that he saw "no point" in attending the hearing.

19. On December 12, 2006, Arbitrator Harris reconvened the matter. No representative attended for Bordone or the Circle Companies. The Arbitrator heard the remainder of the Union's case accepting written evidence and testimony.

## The Opinion and Award

20. On or about December 16, 2007, the Arbitrator issued an opinion and award in the case, sustaining the Union's grievance. (annexed).

21. The Arbitrator found that Union clearly demonstrated "that Circle Carpentry, LLC and Circle Interior Demolition, Inc. are liable as successors and/or alter egos to Metro Demolition Corp." and further found that Circle Carpentry, LLC, Circle Interior Demolition, Inc. and Carlo Bordone were jointly and severally liable for the October 12, 2005 Consent Judgment against Metro Demolition Corp. in the amount of $732,631.15. Opinion and Award at 3. In addition to directing Bordone and the Circle Companies to pay the Union the $732,631.15 for the consent judgment, Arbitrator Harris further directed the Defendants to pay the Union's attorney fees in bringing the arbitration totaling $2,000.00, all costs and arbitrations fees totaling $1,948.13 and statutory interest on the total amount of the award. Id. at 5.

22. Upon receipt of the award, the Union immediately forwarded a demand for payment to the Defendants. To date, Defendants have paid no monies pursuant to the Award.

## FIRST CAUSE OF ACTION AGAINST CIRCLE CARPENTRY LLC

23. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 to 22 of the Complaint, as though set forth in full herein.

24. By failing to abide by the terms of the Award, Defendant Circle Carpentry LLC breached its obligations under its labor agreement in violation of LMRA Section 301, 29 U.S.C. Section 185.

25. As a result of this failure, Defendant Circle Carpentry LLC is liable to the Plaintiff for the total amount of the Award including the consent judgment amount of

$732,631.15; attorney fees totaling $2,000.00, all costs and arbitrations fees totaling $1,948.13 and statutory interest on the total amount of the award.

### SECOND CAUSE OF ACTION AGAINST CIRCLE INTERIOR DEMOLITION, INC.

26. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 to 25 of the Complaint, as though set forth in full herein.

27. By failing to abide by the terms of the Award, Defendant Circle Interior Demolition, Inc. breached its obligations under its labor agreement in violation of LMRA Section 301, 29 U.S.C. Section 185.

28. As a result of this failure, Defendant Circle Interior Demolition, Inc. is liable to the Plaintiff for the total amount of the Award including the consent judgment amount of $732,631.15; attorney fees totaling $2,000.00, all costs and arbitrations fees totaling $1,948.13 and statutory interest on the total amount of the award.

### THIRD CAUSE OF ACTION AGAINST CARLO BORDONE

29. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 to 28 of the Complaint, as though set forth in full herein.

30. Defendant Bordone executed the independent CBA in his individual capacity and is personally liable for all debts of the employer Circle Carpentry LLC and likewise further executed an agreement with the MTDC on July 7, 2005 acknowledging Circle Carpentry, LLC and Circle Interior Demolition, Inc. were single employers both entities bound to the collective bargaining agreement. Bordone is a party to the arbitration, and is jointly and severally liable under the terms of the Award for the amounts due therein. By failing to pay all obligations of Circle Carpentry, LLC and Circle Interior Demolition, Inc. under the CBA, Bordone has violated Section 301, 29 U.S.C. § 185.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff MTDC respectfully requests this Court enter judgment in its favor:

 a. Confirming and enforcing the December 16, 2006 Award of Arbitrator Harris against the Defendants;

 b. Ordering the Defendants to pay and holding them jointly and severally liable for all damages set forth in the Award, including but not limited to:

  i. the total amount for the consent award in *MTDC v. Metro Demolition Contracting Corp. and Phantom Demolition Corp., 04 CV 6629 (RMB)* totaling $732,631.15;

  ii. attorneys' fees incurred in bringing the arbitration totaling $2,000.00;

  iii. arbitration cost and fees totaling $1,948.13;

  iv. ongoing statutory interest from December 16, 2006 to the present on the total award amount of $736,579.28 ;

  v. reasonable attorney's fees and expenses in prosecuting this action.

 c. Ordering such further relief as the Court deems necessary or appropriate.

New York, NY

December 13, 2007

Respectfully submitted,

By: /s/

Tamir Rosenblum (TR 0895)
Haluk Savci (HS 0853)
Mason Tenders District Council
Of Greater NY and Long Island
520 8th Ave., Suite 650
New York, NY 10018
trosenblum@masontenders.org
hsavci@masontenders.org

Counsel for Plaintiff
Mason Tenders District Council
Of Greater NY and Long Island

PROSKAUER ROSE LLP
Sally L. Schneider (SS-0909)
1585 Broadway
New York, New York 10036
(212) 969-3803

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-30-06
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES of the MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND and         : 04 Civ. 6629 (RMB) [ECF Case]
TRAINING PROGRAM FUND,

and

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, by its Business Manager   : **DEFAULT JUDGMENT**
Robert Bonanza,                                                     **AGAINST DEFENDANT —**
                                                                             **PHANTOM DEMOLITION CORP.**
                              Plaintiffs,

            - against -

METRO DEMOLITION CONTRACTING CORP.
and PHANTOM DEMOLITION CORP.,

                              Defendants.
-----------------------------------------------------------------X

**RICHARD M. BERMAN, District Judge:**

       This action having been commenced by the filing of a summons and complaint on August 16, 2004, and an amended summons and amended complaint having been filed on October 12, 2004, and true copies of the amended summons and amended complaint having been served upon defendant Phantom Demolition Corp. ("Phantom") on October 13, 2004, and defendant Phantom having interposed an Answer on November 2, 2004, and a Judgment on Consent in favor of plaintiffs and against defendant Metro Demolition Contracting Corp. having been entered in the above-captioned action on October 21, 2005, and counsel for defendant Phantom having filed a Motion to Withdraw as Attorneys for defendant Phantom on

November 15, 2005 (the "Motion"), and a hearing on the Motion having been held on December 15, 2005, and the Court having denied the Motion without prejudice to renew and having directed Phantom to retain new counsel and appear with new counsel before the Court on January 11, 2006, and Phantom, by its Vice President, having appeared before the Court on January 11, 2006 and having advised the Court that it does not have and will not be retaining new counsel, and the Court having advised Phantom that it cannot proceed *pro se* and must be represented by counsel (*see, e.g., Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986)), and granting Phantom additional time to retain new counsel and directing Phantom to appear before the Court on January 30, 2006 with new counsel and further directing that if Phantom fails to have new counsel by January 30, 2006 the Court shall enter a default against Phantom, and Phantom having appeared by phone (MR. Bordone) before the Court on January 30, 2006 and again having advised the Court that it will not be retaining new counsel, and the Court having granted the Motion and having entered a default against Phantom and having directed plaintiffs to submit a default judgment, there is no just reason to delay the entry of an order dismissing defendant Phantom's Answer with prejudice and the entry of a judgment by default against defendant Phantom.

NOW THEREFORE, IT IS HEREBY

**ORDERED AND DECREED** that the Answer of defendant Phantom Demolition Corp. is hereby stricken with prejudice; and it is

**ORDERED AND ADJUDGED** that plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund and the Mason Tenders District Council of Greater New York have judgment against defendant Phantom Demolition Corp. in the liquidated amount of $732,631.15, which amount includes: $555,722.34 for the balance of fringe benefit contributions, tier violation contributions, dues checkoffs and PAC contributions owed for the audited period January 1, 2003 through December 28, 2004; interest in the amount of $59,130.28; liquidated damages in the amount of $59,130.28; audit fees in the amount of $12,889.00 owed for the audited period January 1, 2003

through December 28, 2004; and reasonable attorneys' fees and costs as of September 30, 2005 in the amount of $45,759.25.

DATED: New York, New York
       January **30**, 2006

_____
*RMB*
Richard M. Berman,
United States District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-30-06
```

3

OFFICE OF THE IMPARTIAL ARBITRATOR
-----------------------------------------------------------------

| | |
|---|---|
| In the Matter of the Arbitration Between ) | |
| ) | |
| MASON TENDERS DISTRICT COUNCIL OF ) | OPINION AND AWARD |
| GREATER NEW YORK AND LONG ISLAND ) | |
| ("Union") ) | Joseph A. Harris, Ph.D. |
| ) | Impartial Arbitrator |
| -and- ) | |
| ) | |
| CIRCLE CARPENTRY, LLC, CIRCLE INTERIOR ) | |
| DEMOLITION, INC., AND CARLO BORDONE ) | |
| ("Circle") ) | |
| ) | |

-----------------------------------------------------------------

Appearances:

For the Funds:
    Haluk Savci, Esq.        Counsel, MTDC
    Joe Bianco               Field Representative, MTDC

For the Employer:
    Carol A. Sigmond, Esq.    Dunnington, Bartholow & Miller, LLP
    Carlo Bordone           Circle Carpentry LLC and Circle Interior Demolition, Inc.

## Background

The Union sent Carlo Bordone a "Notice of Intention to Arbitrate" on January 6, 2006. On January 11, 2006, I sent both Parties a letter requesting that the Parties contact me within seven days to set a date for a Hearing. Having received no reply from Mr. Bordone, I sent a letter to him and to the Union on January 25, 2006, setting a Hearing date of March 22, 2006. Mr. Bordone did not attend the Hearing on March 22, 2006; instead, by telephone, he asked for an adjournment and agreed to pay for the day and expenses. I granted the adjournment.

On March 25, 2006, I sent the Parties a letter asking them to contact me within seven days to set a date for a Hearing. On April 14, Carol A. Sigmond, Esq. wrote to me and informed to that she represented Mr. Bordone and wished to schedule a Hearing day in late August or

1

later. The Union responded on April 27, asking that the Hearing be held within the next month. After oral discussion with Ms. Sigmond and Mr. Savci, on April 30, 2006 I set the date for June 12, 2006. On June 8, 2006, Ms. Sigmond requested an adjournment due to illness of her witness, Edward Detwiler. As alternative, she requested she depose him or ask him to answer written questions. On June 9, 2006, the Union objected to the proposed adjournment. I upheld the Union's objection.

At the Hearing on June 12, 2006, Ms. Bordone and Mr. Bordone appeared. The Union presented the bulk of its case, introducing one witness and 19 exhibits, and Ms. Sigmond cross-examined. After several scheduling conflicts, on October 26, 2006 the Parties finally agreed to a Hearing date of December 12, 2006. On November 7, 2006, Ms. Bordone wrote to me that she was withdrawing as Counsel, noting: "Over the last few weeks the situation has become untenable. I am unable to gain cooperation from Circle Interior Demolition, Inc. My telephone calls and correspondence go unanswered and there are other issues of a more confidential nature, as well." On November 14, I wrote to Mr. Bordone and Ms. Savci, informing them that the Hearing would be on December 12, 2006. On or about December 8, 2006, Mr. Bordone telephoned me to say that there was no point in him attending the Hearing. I urged him to attend.

I conducted an ex parte Hearing on December 12, 2006, with only the Union in attendance. Mr. Savci stated that Mr. Bordone had called him a week previously to say he would not attend. The Hearing was scheduled for 10 AM, but I waited until 10:45 AM for a representative from Circle to Appear. At the Hearing, the Union continued presenting its case, introducing three additional exhibits, and then presented its closing arguments.

The Notice of Intention to Arbitrate states:

> Whether Circle Carpentry, LLC and Circle Interior Demolition, Inc. are liable as successors and/or alter egos to Metro Demolition Contracting Corp. ("Metro")

2

and Carlo Bordone, in his personal and individual capacity, for all obligations owed by Metro to the Mason Tenders District Council and Mason Tenders Fringe Benefit Funds including but not limited to all amounts due against Metro under the judgment on consent against Metro filed on October 12, 2005 in the matter Trustees of the Mason Tenders District Council Welfare Fund et al. and MTDC v. Metro Demolition Contracting Corp. and Phantom Demolition Corp., 04 CV 6629 (RMB), and if so, what should be the remedy?

**EVIDENCE and DISCUSSION**

The evidence clearly demonstrates that Circle Carpentry, LLC and Circle Interior Demolition, Inc. are liable as successors and/or alter egos to Metro Demolition Contracting Corp. The evidence clearly demonstrates that Carlo Bordone, in his personal and individual capacity, is liable for Metro. Therefore, Circle Carpentry, LLC, Circle Interior Demolition, Inc., and Carlo Bordone are liable, jointly and separately, for the Consent Judgment against Metro Demolition Contracting Corp filed on October 12, 2005 and signed by United States District Judge Richard M. Berman on October 21, 2005. (04 Civ. 6629 (RMB)) (Union Exhibit -1).

Collective Bargaining Agreement Language

Circle Carpentry LLC, is a signatory to the Mason Tenders District Council of Greater New York Master Independent Collective Bargaining Agreement 2002-2005 (U-4). Carlo Bordone V signed that agreement, as President of Circle Carpentry LLC (U-5). On July 7, 2005, Mr. Bordone V also signed a letter certifying that Circle Interior Demolition Inc. "is a closely related company" to Circle Carpentry LLC and is "bound by all the terms and conditions of the Trade Agreement (U-6). (MTDC and the Interior Demolition Contractors Association, July 1, 2004 – June 30, 2009) (U-2)

The MTDC and the Interior Demolition Contractors Association agreement states: In the event any Employer is found liable for violations of this Agreement arising from or relating in whole or part to the establishment or maintenance of an alter ego or work as a joint or single

3

employer, the principals of the Employer shall be personally liable for all damages accruing from such violations. (Article XII.10.c) (U-2)

The <u>Master Independent Collective Bargaining Agreement</u> states that "the person signing on behalf of the Employer also agrees to be personally bound by and to assume all obligations of the Employer provided in this agreement." (U-4)

<u>Evidence</u>

The Parties stipulated that 55-14 Grand Ave., Maspeth, NY is the address for Metro Demolition Contract Corp. The address for Circle Carpentry LLC is 56-20 Grand Ave., Maspeth, NY. The two are next door to each other. The entire property is owned by Carlo Bordone's father, Vincent, who is the president of Metro Demolition.

Carlo Bordone V is President of Circle Carpentry and Vice President of Metro Demolition. As Vice President of Metro Demolition Contracting Corp., Carlo Bordone V signed a New York City Trade Waste Commission "Application for Exemption from Licensing Requirements for Removal of Demolition Debris" on August 30, 1996 (U-7). He also signed a "Roster of Vehicles" for Metro Demolition on December 7, 2004 (U-8). That roster has ten Class II vehicles on it, including one with a New York City Business Integrity Commission (BIC) plate no: R-3345. However, that truck is registered to Circle Interior Demolition, BIC (U-19). However, Circle

Circle Carpentry LLC's superintendent, Andrej Chojnowski, consistently worked for Metro Demolition (U-10, U-11, U-12, and U-22) during the past several years.

As seen above, the undisputed evidence shows common ownership and supervision of Circle Interior Demolition and Metropolitan Demolition. It also shows common use of permits, licenses, and equipment. The companies operate as alter egos.

4

## AWARD

Circle Carpentry, LLC, Circle Interior Demolition, Inc., and Carlo Bordone ("Circle") are jointly and separately liable for the amount of the Consent Judgment against Metro Demolition Contracting Corp. (U-1). United States District Judge Richard M. Berman signed the judgment against Metro Demolition Corp. on October 21, 2005 for the amount of $732,631.15. (04 Civ. 6629 (RMB)).

Circle will also pay the Union its attorney fees for the arbitration ($2,000) plus all fees, if accrued, in enforcement of the award. In addition, Circle will pay the Union $1,948.13 for the arbitrator's unpaid two days of Hearings ($1,800) plus his accumulated expenses ($148.13).

Finally, Circle will pay statutory interest on the above amounts from the date of the award.

Date: December 16, 2006

JOSEPH A. HARRIS, PH.D.
Impartial Arbitrator

5