

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK AND LONG
ISLAND,

                              Plaintiff,

        -against-

CIRCLE INTERIOR DEMOLITION, INC.,

                             Defendant.
------------------------------------------------------------X

07 Civ. 11227 (RMB) (THK)

**ORDER**

## I. Background

On May 15, 2008, this Court entered judgment ("May 15, 2008 Judgment") against Circle Interior Demolition, Inc. ("Defendant"), who had failed to defend Mason Tenders District Council of Greater New York and Long Island's ("Plaintiff") action to confirm an arbitration award, issued on December 16, 2006 ("Award"), and referred the case to United States Magistrate Judge Theodore Katz for an inquest on damages. (Order, dated May 15, 2008, at 1.) On August 4, 2009, Judge Katz issued a thorough report and recommendation, recommending, among other things, that the Award, dated December 16, 2006, should be confirmed and that "judgment be entered . . . against Defendant in the amount of $736,579.28, plus interest . . . commencing on December 16, 2006 through the satisfaction of the judgment." (Report & Recommendation, dated Aug. 4, 2008 ("Report"), at 13.)

The Report advises that, "pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report to file written objections" and "[f]ailure to file objections will result in a waiver of those objections

for purposes of appeal." (Report at 12–14); see Thomas v. Arn, 474 U.S. 140, 145, 155 (1985). To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

## II.     Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

## III.    Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted.

Having conducted a review of the Report, applicable legal authorities, and the record herein, the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Katz properly concluded that the amount of damages is clear from the face of the Award, i.e., it is "liquidated or susceptible of mathematical calculation." (Report at 9); see Greyhound Exhibitiongroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Ames v. Dynasty Elec., Inc., No. 05 Civ. 988, 2008 WL 1924276, at *3 (E.D.N.Y. May 1, 2008).

Judge Katz also properly recommended that Plaintiff's "motion . . . should be treated as a motion for summary judgment because '[a] motion to confirm . . . an [arbitration] award is generally accompanied by a record . . . that may resolve many of the merits or at least command

judicial deference,'" and Plaintiff "has sufficiently supported its Complaint and demonstrated there is no issue of material fact in dispute"; "Defendant has offered no opposition"; and "there was a reasonable basis for the arbitrator's determination that Defendant is . . . liable for the amount of [$736,579.28], as well as the attorneys' fees and costs incurred in the arbitration, as permitted under . . . [the collective bargaining agreement]." (Report at 6–8 (citing D.H. Blair & Co. v. Gottdeiner, 462 F.3d 95, 109 (2d Cir. 2006))); see Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, Inc., 54 F.3d 69, 71 (2d Cir. 1995).[1]

And, Judge Katz properly concluded that "Plaintiff is . . . entitled to interest [running] from the Award date" and that the interest rate Plaintiff seeks under 28 U.S.C. § 1961 is "eminently reasonable" because, among other reasons, that rate "is considerably less than the New York statutory interest rate . . . and is less than the interest rate provided in the [collective bargaining agreement]." (Report at 12–13); see Lodges 743 & 1746, Int'l Ass'n of Machinists v. United Aircraft Corp., 534 F.2d 422, 446 (2d Cir. 1975); see also Global Reinsurance Corp. of Am. v. Argonaut Ins. Co., 634 F. Supp. 2d 342, 351 (S.D.N.Y. 2009); York v. Marsh Block & Co., No. 98 Civ. 1751, 1998 WL 21215, at *1 (S.D.N.Y. Jun. 12, 1998).

## IV. Conclusion and Order

For the reasons set forth therein and herein, the Court adopts the Report in all respects. Judgment is entered in favor of Plaintiff and against Defendant for $736,579.28, plus interest commencing on December 16, 2006 through the satisfaction of the judgment, calculated in

---

1   Having reviewed the Report and the record, the Court agrees with Judge Katz and vacates the May 15, 2008 default judgment, confirms the Award against Defendant, and enters judgment against Defendant "in the amount of 736,579.28, plus interest." (Report at 13 (citing D.H. Blair, 462 F.3d at 108–10)); see Pourzancvakil v. Humphry, No. 94 Civ. 1594, 1995 WL 316935, at *3 (N.D.N.Y. May 23, 1995).

accordance with 28 U.S.C. § 1961(a), at the daily rate of $98.88. (Report at 12–13 (applying 4.90% interest rate).) The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
      December 22, 2009

                                                      */s/ RMB*
                                        **RICHARD M. BERMAN, U.S.D.J.**

4